NO. 07-10-0477-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 7, 2011

_____

In the Interest of B.Y.,

A Child

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. DFC-09-06665; HON. PHIL N. VANDERPOOL, PRESIDING

_____

*Order for Appointment of New Counsel*

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Appellant Latazha Youngblood Sanchez had her parental rights to B.Y. terminated and has appealed from that order. Her appointed counsel has filed a motion to withdraw, together with an *Anders*[2] brief wherein he certified that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, appellate counsel has attached a copy of a letter sent to appellant informing her of her right to file a response *pro se*. By letter dated April 19, 2011, this

---

[1]John T. Boyd, Senior Justice retired, sitting by assignment.

[2]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

court also informed appellant of her right to tender her own response and set May 19, 2011, as the deadline to do so. Appellant filed a response on May 18, 2011.

Appellate counsel has noted in his brief that the termination order was signed on October 28, 2010, and that the statement of appellate issues was filed by trial counsel on November 15, 2010, outside of the fifteen days required by statute. *See* TEX. FAM. CODE ANN. §263.405(b)(2) (Vernon 2008). Therefore, any error that could be reviewed allegedly was waived. Appellate counsel, then, discussed the legal and factual sufficiency of the evidence to support the trial court's statutory findings resulting in termination and the effectiveness of trial counsel.

In *In the Interest of J.O.A.*, 283 S.W.3d 336, 347 (Tex. 2009), the Texas Supreme Court affirmed this court's decision stating an "ineffective assistance of counsel claim raises due process concerns and that section 263.405(i) of the Family Code is unconstitutional to the extent it prevents a court from considering those claims." We find it problematic when appellate counsel determines appellant received effective assistance of counsel even though issues were waived because trial counsel failed to timely file a motion for new trial or statement of points on appeal.

Accordingly, the motion to withdraw of appellate counsel is granted, and the cause is abated and remanded to the trial court for the appointment of new counsel. The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned ground pertaining to the effectiveness of counsel per *In the Interest of J.O.A., supra,* and all other grounds that might support reversal or modification of the judgment. The deadline

for filing appellant's brief with the clerk of this court is August 30, 2011. Any responding brief which the State wishes to file shall be filed within thirty days after the filing of appellant's brief. Finally, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental clerk's record, which record shall be filed with the clerk of the court by August 1, 2011.

Per Curiam